(101 App. Div. 88)

## BANK OF LONG ISLAND v. YOUNG.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. BANKS—BANKING LAW—MERGER—CONSTRUCTION—GUARANTY.

Banking Law, § 37, as amended by Laws 1895, p. 223, c. 382, provides that on the merger of any corporation in the manner prescribed all the rights and interests of the corporation merged in property and things in action shall be deemed to be transferred to the merging corporation without any other deed or transfer, and the latter corporation shall hold the same in the same manner as if the corporation merged should have continued to retain title and transact the business of such corporation; and section 38, as amended by Laws 1900, p. 428, c. 199, provides that the rights of creditors and others having relations with the merged corporation shall not be impaired by any such merger. Held, that, where defendant was liable on a guaranty to a bank which was subsequently merged under such act in plaintiff bank, plaintiff, by virtue of the statute, acquired the right to enforce the guaranty.

2. SAME—PLEADING—INCONSISTENT ALLEGATIONS—DEMURRER.

Where, in an action on a guaranty, the complaint charged that defendant agreed to guaranty loans to a cooperage company to the extent of $10,000, and also agreed to guaranty loans to C. & Co. to the extent of $5,000, the language of the guaranty contemplated loans to the two parties individually, and hence an allegation that loans were made to such parties at their special instance and request to the amount of $15,000, which sums the cooperage company and C. & Co. jointly and severally promised and agreed in writing to return and repay, did not charge loans made within the guaranty.

Appeal from Special Term, Queens County.

Action by the Bank of Long Island against John Alvin Young. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Jordan J. Rollins (Theodore H. Lord, on the brief), for appellant.

Eugene D. Hawkins (Caleb A. Burbank and John L. Lockwood, Jr., on the brief), for respondent.

HOOKER, J. The complaint alleges that the plaintiff is a domestic banking corporation, and has been ever since the 1st day of January, 1902; that prior to that time the Bank of Jamaica was a domestic banking corporation, and that on the 1st day of January, 1903, by virtue of certain proceedings duly had and taken by the plaintiff under and in pursuance of the provisions of the banking law, the Bank of Jamaica became and was merged in the plaintiff. After alleging that the National Cooperage Company was a foreign corporation, and that William R. Cole and others were copartners doing business under the firm name of William R. Cole & Co., the complaint avers:

"That on or about the 21st day of November, 1900, the defendant, by a certain agreement in writing, duly executed by him, and bearing date said 21st day of November, 1900, for a good and valuable consideration guarantied and promised to be answerable to said Bank of Jamaica for the payment of loans which it might thereafter make to said National Cooperage Company to the extent of $10,000, and also for the payment of loans which it might thereafter make to said William R. Cole & Co. to the extent of $5,000. That the said Bank of Jamaica thereafter, and on the faith of said guaranty, loaned

and advanced to said National Cooperage Company and said firm of William R. Cole & Co., at their special instance and request, sums of money amounting to $15,000, which sums said National Cooperage Company and said William R. Cole & Co. jointly and severally promised and agreed, in writing, to return and repay to said Bank of Jamaica when due."

The complaint then alleges that by reason of the merger the plaintiff became vested with the right, title, and interest of the Bank of Jamaica in and to the sums loaned to the National Cooperage Company and to Cole & Co., and is entitled to receive the payment of said sums, and, in the event of their nonpayment, to demand and receive the same from the defendant herein under the guaranty; that the sum so loaned, amounting to $15,000, became due and payable from the cooperage company and from Cole & Co. on the 1st day of July, 1903, and that, though duly demanded, the sum was not paid, and the same is still due and owing to the plaintiff, of all of which due notice was given to the defendant. The complaint then demands judgment against the defendant for the sum of $15,000.

Section 37 of the banking law, as amended by chapter 382, p. 223, of the Laws of 1895, reads as follows:

"Effect of Merger.—Upon the merger of any corporation in the manner herein provided all and singular the rights, franchises and interests of the said corporation so merged in and to every species of property, real, personal and mixed, and things in action thereunto belonging shall be deemed to be transferred to and vested in such corporation into which it has been merged, without any other deed or transfer, and said last named corporation shall hold and enjoy the same and all rights of property, franchises and interests in the same manner and to the same extent as if the said corporation so merged should have continued to retain the title and transact the business of such corporation; and the title and real estate acquired by the said corporation so merged shall not be deemed to revert by means of such merger or anything relating thereto."

Section 38 thereof, as amended by chapter 199, p. 428, of the Laws of 1900, provides that the rights of creditors and others having relations with a merged corporation shall not be impaired by any such merger.

We are inclined to concur in the view expressed by the learned Special Term in overruling this demurrer upon the effect of the merger of the Bank of Jamaica with the plaintiff upon the obligation and guaranty of the defendant. The court said:

"Dealing with the original banking corporation, the defendant subjected himself to the possibility of merger and the enforcement of the contract by the new corporation, which is new, so far as the defendant is concerned, in name only."

The provisions of section 37 of the banking law, quoted above, regulating the transfer and the vesting of property in a case where merger occurs, are very broad. The Legislature did not contemplate that the property of one bank merged in another should vest in the corporation in which the merger takes place by operation of any assignment, or that such transfer should be attended with the usual rules of law in respect to assignments. The scheme is that the corporation which is merged with another should lose its identity only so far as its separate existence is concerned, and that it should be swallowed up in the other, and become an integral part thereof, carrying into the cor-

poration which survived all its rights, powers, liabilities, and assets, except the indicia and attributes of a corporate body distinct from that into which it is merged. The rights of the surviving corporation are not in this respect dissimilar to the rights acquired by the husband at common law in the choses in action owned by his wife at the time of the marriage. The rule there was that he became entitled to all of such choses in action as he might reduce to possession. Were such a guaranty as is the subject of this action brought by a wife to her husband, at common law it could hardly be doubted that the latter could maintain his action irrespective of any assignment from the wife subsequent to the default of the principal debtors. So far as the relations of this defendant with the plaintiff are concerned in this transaction, they are, by virtue of the statute, the same as though, for the purpose of determining the obligations of the defendant upon his guaranty, the Bank of Jamaica had existed a separate and distinct corporation, managed and operated by the officers and directors of the plaintiff. Such was clearly the intention of the Legislature in the enactments in relation to mergers, even though the language of the section may, as the appellant here claims, be insufficient to vest title in the cause of action sued upon by assignment by reason of some subtle intricacies of the law of assignment.

In respect to the other question discussed by the appellant, namely, that the alleged cause of action set forth in the complaint is the making a nonpayment of loans at variance with the terms of the agreement set forth in the complaint, and that hence that pleading does not state facts sufficient to constitute a cause of action, we are inclined to reverse the judgment on this ground, although the learned court at Special Term in its opinion does not seem to have considered this question. We are, of course, limited in a review of this judgment to the allegations of the complaint as they appear in the record. It seems that the defendant, for a valuable consideration, in writing, promised to be answerable for the payment of loans which the bank might thereafter make to the cooperage company to the extent of $10,000, and also for the payment of loans which might thereafter be made to Cole & Co. to the extent of $5,000. This was an agreement to guaranty the loans of the cooperage company to the extent of $10,000, and the cooperage company alone, and a guaranty of the loans to Cole & Co., and to Cole & Co. alone, to the extent of $5,000. By it the defendant guarantied loans to two parties, one of whom was the cooperage company and the other was Cole & Co. The full allegation of the complaint, however, we think must be construed to be an averment that the Bank of Jamaica loaned certain amounts of money. It matters little what the amount may have been, except that the defendant could not, in any event, have been held liable for a sum greater than $15,000 to the cooperage company and to Cole & Co., jointly or jointly and severally, and not to either the cooperage company or Cole & Co. individually. The allegation is that there were loaned to these two parties, "at their special instance and request, sums of money amounting to $15,000, which sums said National Cooperage Company and said William R. Cole & Co. jointly and severally promised and agreed, in writing, to return and repay." Had the pleader stopped before alleg-

ing that these sums the cooperage company and Cole & Co. jointly and severally promise to return and repay, the complaint probably would not have been open to this objection; but he has stated, in effect, in this allegation, that the loans were not made either to the cooperage company or Cole & Co. individually, but they were made to their joint account, and that, in addition to being made to their joint account, each severally agreed to pay the whole sum. It cannot be doubted that the language of the guaranty contemplated loans to these two parties individually, and it is elementary that the plaintiff cannot recover under and by virtue of the terms of such a guaranty for joint loans, for the reason that no guaranty was made in that respect, and the contract did not contemplate as much.

The judgment should be reversed, and the demurrer sustained.

Interlocutory judgment reversed, with costs, and demurrer to complaint sustained, with costs, but with leave to the plaintiff to plead anew upon payment of costs within 20 days. All concur.