### In re BERGDORF'S WILL.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. CORPORATIONS (§ 586*)—CONSOLIDATIONS—MERGERS.

A consolidation of corporations under Business Corporation Law (Consol. Laws 1909, c. 4) §§ 7–11, and Railroad Law (Consol. Laws 1910, c. 49) §§ 140–155, results in a new corporation and in the dissolution of the prior corporations, but a merger under Banking Law (Consol. Laws 1909, c. 2) §§ 36–40, continues one of the corporations, and the others are merged in it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2350–2353; Dec. Dig. § 586.*]

2. CORPORATIONS (§ 586*)—CONSTRUCTION—LEGISLATIVE INTENT.

The Legislature in adopting statutes for the consolidation of corporations and for a merger of corporations must be presumed to have intended to preserve the distinction between consolidation and merger.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2350–2353; Dec. Dig. § 586.*]

3. WILLS (§ 681*)—APPOINTMENT OF EXECUTORS—INTENTION OF TESTATOR.

A testator appointing executors and trustees must be presumed to know that successors will be appointed by the court under Code Civ. Proc. §§ 2605, 2692, 2693, 2818.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. § 681.*]

4. EXECUTORS AND ADMINISTRATORS (§ 15*)—APPOINTMENT OF EXECUTORS—PARTIES ENTITLED TO.

A testator appointed as executors and trustees two individuals and a trust company, and the "survivors and successors of them." The trust company thereafter, but prior to his death, was merged into another trust company as authorized by Banking Law (Consol. Laws 1909, c. 2) §§ 36–40. *Held* that, on the probate of the will, the latter company was entitled to letters testamentary.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 32–35; Dec. Dig. § 15.*]

Appeal from Order of Surrogate, New York County.

In the matter of proving the will of Herman Bergdorf, deceased. From an order denying the petition of the Guaranty Trust Company of New York for letters testamentary as an executor under the will, it appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Charles Howland Russell (Russell S. Coutant, on the brief), for appellant.

Herbert C. Brinckerhoff (John Patterson, on the brief), for respondents.

LAUGHLIN, J. The will was made on the 2d day of November, 1904, and by the seventh clause thereof the testator nominated and appointed as executors of the will and trustees of the trusts therein created two individuals, one of whom he referred to as "my friend," and the Morton Trust Company, and after these designations the sentence ended as follows: "all of the City of New York, in the state

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of New York, and the survivors and successors of them." The Morton Trust Company was duly merged into the Guaranty Trust Company of New York, the appellant, pursuant to the provisions of sections 36 to 40, inclusive, of the banking law, on the 27th day of January, 1910, and the testator died on the 17th day of January, 1911. The will has been duly admitted to probate, and letters testamentary have been issued to the individual executors and trustees. A petition for letters was duly presented by the appellant, claiming to be entitled thereto on the ground that it is the successor of the corporate executor and trustee named in the will, and the application was denied, and it appealed. Section 36 of the banking law, which clearly and concededly authorized the merger of the Morton Trust Company into the appellant company, prescribes the method of merger, which is, in substance, that the board of directors enter into an agreement under seal, subject to the approval of the Superintendent of Banks, which may provide that the two or more corporations merged may continue to have the name of one of them. Section 37 provides for the submission of the merger agreement to the stockholders and for the proceedings at the meeting of the stockholders to vote thereon, and for the filing and preservation of the records thereof, and the vote of stockholders essential to a merger, and further provides that, if such vote be cast, the merger shall become effective pursuant to the agreement. Section 39 declares the effect of the merger as follows:

"Upon the merger of any corporation in the manner herein provided all and singular the rights, franchises and interests of the said corporation so merged in and to every species of property, real, personal and mixed, and things in action thereunto belonging shall be deemed to be transferred to and vested in such corporation into which it has been merged, without any other deed or transfer, and said last named corporation shall hold and enjoy the same and all rights of property, franchises and interests in the same manner and to the same extent as if the said corporation so merged should have continued to retain the title and transact the business of such corporation; and the title and real estate acquired by the said corporation so merged shall not be deemed to revert by means of such merger or anything relating thereto."

Section 40 declares the rights of creditors and others having relations with the merged corporations as follows:

"The rights of creditors of any corporation that shall be so merged shall not in any manner be impaired by any such merger, nor shall any liability or obligation for the payment of any money due or to become due, or any claim or demand, in any manner or for any cause existing against such corporation, or against any stockholder thereof, be in any manner released or impaired, and all the rights, obligations and relations of all the parties, creditors, depositors, trustees and beneficiaries of trusts shall remain unimpaired by the merger, but such corporation into which the other or others shall be merged shall succeed to all such relations, obligations, trusts and liabilities and be held liable to pay and discharge all such debts and liabilities, and to perform all such trusts of the merged corporation in the same manner as if such corporation into which the other shall become merged had itself incurred the obligation or liability or assumed the relation or trust, and the stockholders of the respective corporations so entering into such agreement shall continue subject to all the liabilities, claims and demands existing against them as such at or before such merger, and no suit, action or other proceeding then pending before any court or tribunal in which any corpora--

tion that may be merged is a party shall be deemed to have abated or discontinued by reason of any such merger, but the same may be prosecuted to final judgment in the same manner as if the said corporation had not entered into the said agreement, or the said last named corporation may be substituted in the place of any corporation so merged as aforesaid, by order of the court in which such action, suit or proceeding may be pending." .

[1] We agree with the contention of the learned counsel for the appellant that there is a marked difference under our statutes between the consolidation and the merger of two or more corporations, and that upon a consolidation a new corporation springs into existence and the prior corporations are dissolved and cease to exist (People ex rel. New York Phonograph Co. v. Rice, 57 Hun, 486, 11 N. Y. Supp. 249, affirmed 128 N. Y. 591, 28 N. E. 251; People v. N. Y. C. & S. L. R. Co., 129 N. Y. 474, 29 N. E. 959, 15 L. R. A. 82; sections 7–11, inclusive, Business Corporations Law; sections 140–155, inclusive, Railroad Law; see, also, Railroad Co. v. Georgia, 98 U. S. 359, 25 L. Ed. 185), while under the statutes authorizing a merger of corporations one is continued without the formation of a new corporation and the others are merged in it (Railroad Co. v. Georgia, supra; Lee v. Atlantic Coast Line R. Co. [C. C.] 150 Fed. 775).

[2] The Legislature must be presumed to have known these well-recognized distinctions, and by omitting any reference to consolidation in the banking law, and providing merely for a merger of banking corporations, it must have intended to preserve such distinctions. The corporation, therefore, the name of which is continued and into which the others are merged, becomes the successor of the merged corporations, subject to the rights conferred and the obligations imposed by statute.

It is further contended by the learned counsel for the appellant that the history of these sections of the banking law, and of amendments thereto, is such as to indicate a legislative intent that the right which the merged corporation had to become one of the executors and trustees of the will was conferred upon, and continued in, the appellant company by virtue of the statutory provisions. We refrain from expressing an opinion upon that important question at this time, for, as we view the record, it is not necessarily presented for decision.

[3, 4] It is sufficient, we think, to establish the right of the appellant to letters testamentary that it is the successor of the Morton Trust Company for the testator not only designated the Morton Trust Company his executor and trustee, but its successors as well. The word "survivors" was used, which could have reference only to the individual executors and trustees, and the word "successors" was used, which could relate only to the corporate executor and trustee. It is contended that this provision of the will and other references therein to "successors" are susceptible of the construction that they refer to appointments by the Surrogate's Court pursuant to the provisions of the Code of Civil Procedure (sections 2605, 2692, 2693 and 2818) of successors to executors and trustees in certain instances. He was appointing his executors and trustees, and he is presumed to have known the law, which then provided for the appointment of successors, not by him, but by the court in certain instances, and also, in

effect, that the Morton Trust Company might go out of existence in name, but that its functions might continue and be performed by a corporation into which it merged, which would become its successor; and it is the more reasonable view that he desired such successor to become an executor and trustee under the will. The fact that he used the plural in each case which was inapplicable does not, I think, destroy the argument, for there is no construction which affords an explanation of the use of the plural.

It follows that the order should be reversed, with $10 costs and disbursements, and the prayer of the petition granted, with $10 costs. All concur.