MALTA TEMPLE ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29476.    Promulgated May 8, 1929.

*C. H. Henderson*, for the petitioner.
*A. H. Murray*, *Esq.*, for the respondent.

OPINION.

SMITH: We think that petitioner's contention that the organization expenses incurred by it at the time of incorporation constitute capital expenditures is sound. To this effect see *F. Tinker & Sons Co.*, 1 B. T. A. 799; *Logan-Gregg Hardware Co.*, 2 B. T. A. 647; *First National Bank of St. Louis*, 3 B. T. A. 807; *Emerson Electric Mfg. Co.*, 3 B. T. A. 932, and later cases. In *Hotel de France Co.*, 1 B. T. A. 28, we held that corporate organization expenses were no part of the cost of a leasehold acquired at the time of incorporation and could not be included in the basis to be used in computing the exhaustion allowance on the leasehold. It is not material that in the instant case the basis sought is for the purpose of computing gain or loss upon the sale of the property rather than for the purpose of determining the allowance for exhaustion. The statutory provision for the ascertainment of gain or loss from the sale of property is contained in section 202(a) of the Revenue Act of 1924, which reads as follows:

Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized.

Section 204(a) provides that with certain exceptions not material here the basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property.

Section 202(b) provides that:

In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property.

We think it obvious that the statute contemplates adjustments only for capital expenditures relating to the specific property. The section must be read:

In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for * * * any expenditure properly chargeable to capital account * * * *with respect to such property.* (Italics ours.)

Any other interpretation of the statute would lead to endless confusion. In reporting income the result of each capital transaction must of necessity be computed independently of other capital transactions. The expenditures incident to incorporation here are in no sense a part of the transaction involving the subsequent purchase of the building. So far as the evidence shows, the petitioner might have enjoyed its corporate franchise without ever having acquired the building and might have continued to do so after disposing of the building. The fact that the petitioner did dissolve and abandon its corporate charter soon after the sale of the building raises the ques-

tion of whether in so doing it sustained a deductible loss in respect of its capital investment in the organization of the corporation.

We have heretofore held, as above stated, that expenses of incorporation are capital expenditures, see cases *supra*, and as such are not deductible as ordinary and necessary expenses for the year in which paid. *Logan-Gregg Hardware Co., supra; Holeproof Hosiery Co.*, 11 B. T. A. 547; *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192; *Blumberg Brothers Co.*, 12 B. T. A. 1021; *Grain King Manufacturing Co.*, 14 B. T. A. 793; *et alia*.

We have held further that such capital expenditures may not be recovered by exhaustion deductions prorated over the life of the corporation. *Hershey Manufacturing Co.*, 14 B. T. A. 867.

Upon dissolution and surrender of its corporate franchise in the year 1925 the petitioner abandoned or lost a corporate asset which had cost it $1,087.40, no part of which had been returned to it through exhaustion deductions or as ordinary and necessary expense deductions. We think that such a loss clearly falls within the provisions of section 234(a) (4) of the Revenue Act of 1924, and is deductible in computing net income of the year when sustained.

*Judgment will be entered under Rule 50.*