CITIZENS TRUST CO., BY MARINE TRUST CO., SUCCESSOR BY MERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38027.   Promulgated July 29, 1930.

*E. C. Gruen, C. P. A.*, for the petitioner.
*Ralph S. Scott, Esq.*, and *E. M. Niess, Esq.*, for the respondent.

## OPINION.

SEAWELL: What is here contended is that since the amounts expended in connection with the organization of the Citizens Trust Co. were capital items which could not be exhausted over the life of the corporation (*Hershey Manufacturing Co.*, 14 B. T. A. 867), the cost of such capital items constituted a deductible loss to the Citizens Trust Co. when such company was merged with the Marine Trust Co. on December 15, 1923. The facts are very meager as to what occurred in such merger, the only information we have being that " the Citizens Trust Co. was absorbed by merger, under the Banking Laws of the State of New York, by the Marine Trust Co." That is, as we understand the situation, the corporate activities of the two institutions were continued under the corporate name and identity of the Marine Trust Co. In McKinney's Consolidated Laws of New York, vol. 4, p. 432, the following statements and citations of authorities appear with respect to the merger of banks under the laws of New York:

*Status of merged corporation generally.*—A merged corporation does not continue to exist after the merger nor is it identical with the one into which is is merged. *In re Bergdorf*, (1912) 206 N. Y. 309, 99 N. E. 714, affirming 149 App. Div. 529, 133 N. Y. S. 1012. But the scheme of the Banking Law is " that the corporation which is merged with another should 'lose its identity only so far as its separate existence is concerned, and that it should be swallowed up in the other and become an integral part thereof, carrying into the corporation which survived all its rights, powers, liabilities and assets, except the indicia and attributes of a corporate body, distinct from that into which it is merged." *Bank of Long Island* v. *Young*, (1905) 101 App. Div. 88, 91 N. Y. S. 849; *In re Bergdorf*, (1912) 149 App. Div. 529, 133 N. Y. S. 1012, affirmed in (1912) 206 N. Y. 309, 99 N. E. 714.

Upon the evidence before us and under the laws of New York governing mergers of this character, we fail to see the justification for saying that a loss was sustained by the Citizens Trust Co. in the merger on account of the expenditures incident to its original organization. Such an ending of the corporate life of a corporation is entirely unlike that involved in *Malta Temple Association*, 16 B. T. A. 409, where there was a surrender of the corporate charter and a dissolution of the corporation. There a complete extinction of the corporation occurred, whereas in the instant case all " rights, powers, liabilities and assets " survived except the " indicia and attributes

of a corporate body distinct from that into which it is merged." Besides, we have no evidence from which we could conclude that the transaction was one which would give rise to a taxable gain or deductible loss under the Revenue Act of 1921 or, if it were such a transaction, that a loss was in fact sustained.

*Judgment will be entered for the respondent.*