NATIONAL SURETY CORPORATION, Plaintiff, *v.* FEDERAL RESERVE BANK OF NEW YORK, Defendant, and FIRST NATIONAL BANK OF BOSTON, Impleaded Defendant.

Supreme Court, New York County, August 31, 1936.

Leo T. Kissam [Leo T. Kissam and Charles E. Powers of counsel], for the plaintiff.

Walter S. Logan [Felix T. Davis and G. Arthur Blanchet of counsel], for the defendant Federal Reserve Bank of New York.

Bigham, Englar, Jones & Houston [G. Arthur Blanchet of counsel], for the impleaded defendant First National Bank of Boston.

STEUER, J. This is a motion to strike out nine separate defenses in an answer. The complaint alleges that plaintiff insured the Mutual Life Insurance Company upon a so-called depositor's forgery bond, by the terms of which plaintiff agreed to make good any loss the insured might incur by virtue of forgery and extended the coverage to include any bank or banks in which the insured had a deposit. The complaint goes on to allege that the insured suffered losses on some eighty-eight checks and drafts arising out of the forgery of the names of payees of these instruments by one of its employees. All of these instruments were thereafter indorsed by defendant Federal Reserve Bank of New York, and the prior indorsements were guaranteed by it. Plaintiff paid the losses resulting to its insured, and as its subrogee sues upon defendant's guaranty of the instruments.

The first three defenses are concerned with the same situation which involves eighty-four of the instruments in question. Of these the checks involved were drawn upon the New York Trust

Company and the drafts upon the drawer, Mutual Life Insurance Company. All the instruments referred to had their origin in Boston and were presented for collection to the First National Bank of Boston. From this bank they came into the hands of defendant, who collected them and remitted the proceeds through banking channels to the First National Bank of Boston. It is alleged that First National Bank of Boston is a depositary of Mutual Life Insurance Company. The defenses then proceed on the theory that First National Bank of Boston is liable over to defendant for any recovery that might be had in this action and that, being a depositary of Mutual Life Insurance Company, it is insured by plaintiff for the very claim that plaintiff is here asserting as subrogee. It is, therefore, asserted that to avoid circuity of action, no recovery can be had on this claim. It is apparent that certain technical difficulties are presented by the method of this pleading, but the substance is a matter of greater amount. The question involved is the proper interpretation of the contract of insurance, particularly the point is whether the coverage extends to a depositary of the insured, even where the deposit of the insured is not involved. It must be remembered that while the checks and drafts in question were drawn by the insured and found their way to the First National Bank of Boston, they were not drawn upon that bank, and as far as the drawer is concerned, the fact that they reached that institution is purely accidental. The policy is not set out in the pleadings, so for the purposes of this motion its description in the answer is controlling. This reads that plaintiff " agreed to indemnify the obligee and any bank or banks in which the obligee [insured] carries a checking and/or a savings account, * * * against any losses which may be sustained through the payment * * * by the obligee or by any such bank of any check or draft upon which the signature of any endorser thereof shall have been forged." The question concerns the intent of the instrument. It should be observed that the depositor is the main obligee, and, secondarily. depositaries become obligees by virtue of their holding deposits, The purpose of the inclusion of the insured's depositaries is well known and when understood clarifies the language. It must be obvious that only where the relationship of depositary of the insured is directly involved, and where the payments resulting in loss are from the deposited account, is the depositary covered. Such is not this case. Hence, the First National Bank of Boston has no rights against plaintiff, and defendant acquires none through it, and these defenses must fail.

The fourth and fifth defenses refer to the drafts only and set up that the insured was negligent in the drawing and accepting of the drafts and that the loss occurred in that manner. There is no

statement that defendant relied upon anything done by the insured. On the contrary, it is alleged that it relied upon the prior indorsement of the First National Bank of Boston. Even without this allegation, which would appear to be essential, the defenses are not valid. It is well settled in this jurisdiction that the negligence of the drawer of a check is no defense to a collecting bank. (*City of N. Y.* v. *Bronx County Trust Co.*, 261 N. Y. 64; *Corn Exchange Bank* v. *Nassau Bank*, 91 id. 74.) There is, however, a difference between a draft and a check. (*World Exchange Bank* v. *Commercial Casualty Insurance Co.*, 255 N. Y. 1.) The difference, however, does not in this case warrant a distinction being drawn. In this action the question is whether a duty of care is owed by the drawer or acceptor of a draft. As far as these people are concerned they stand in the same relationship to a collecting bank as the drawer of a check drawn upon a different bank would stand to it. The rule in regard to checks apparently sprang from the fact that there was no duty of care owed to persons with whom the actor did not come in contact, and the rule has been continued because it is believed to have had a salutary effect upon commercial dealings. (*United States Mort. & Trust Co.* v. *Liberty Nat. Bank*, 112 Misc. 149.) There is no reason to make an exception in a case where the situation is analogous.

The sixth and seventh defenses also concern the drafts only. It appears that these instruments were signed on behalf of the insurance company by two employees, one of whom is alleged to have been directly involved in the forgeries. It is alleged that the drafts were never intended to be delivered or payable to the persons named in them as payees and that, therefore, the drafts were payable to bearer. This is based upon subdivision 3 of section 28 of the Negotiable Instruments Law, which provides that an instrument is payable to bearer when it is payable to the order of a fictitious or non-existing person and such fact is known to the person making it so payable. It is well settled that where the instrument is intended to go to a person other than the payee it is payable to a fictitious person. It is also established that where a person drawing the instrument is authorized to sign that it is his knowledge that determines whether the instrument is known to be so payable. (*Phillips* v. *Mercantile Nat. Bank*, 140 N. Y. 556.) The allegations of these defenses, therefore, are quite sufficient.

The eighth and ninth defenses raise the quetion that plaintiffs is not the true party in interest on the ground that there was another insurer involved who is not a party to the action. This defense has already been tested by means of a motion to dismiss the complaint on the same ground. This determination is conclusive on the invalidity of the defenses. Submit order accordingly.