Harold Baer, J.
This is a motion to strike ont a complaint as sham under rule 103 of the Rules of Civil Practice and to dismiss that complaint under rule 106.
Briefly, plaintiff insured Lustra Corporation under the usual depositor’s fraud policy. The policy covered the insured and any hank where it deposited funds (policy is not part of the pleadings). An employee of Lustra obtained checks made pay *228 able to employees, forged their names and cashed them with various persons and firms. This action is concerned with 32 of such checks, 'all drawn on Bankers Trust Company as drawer’s bank or depository and all collected by defendant bank totaling $3,978.
Defendant bank was merged with Bankers Trust Company in April, 1955. The above transactions occurred in 1956 and 1957. Defendant now contends that all references to Public National Bank & Trust Company of New York are sham and should be stricken; that after that is accomplished, the complaint should be dismissed as there is no cause of action because Bankers Trust Company is covered by the policy and plaintiff’s right of subrogation is limited to the rights of its subrogor. Bankers cannot sue itself, therefore plaintiff cannot sue defendant.
There can be no doubt that Public National Bank and Trust Company merged with and under the name Bankers Trust Company on April 8, 1955. Every reference then to the Public National Bank as defendant here with regard to transactions occurring after April 8, 1955 is erroneous except with respect to the indorsements. If the transactions had occurred previous to the merger, then the action could continue to final judgment (Banking Law, § 602, subd. 4). Bankers Trust is vested with all the assets of the defendant and assumed all of the debts and liabilities and is the real party to be sued (Banking Law, § 602, subd. 2; Bank of Long Is. v. Young, 101 App. Div. 88; Matter of Bergdorf, 149 App. Div. 529, affd. 206 N. Y. 309).
The checks here at issue bear the indorsement of the Public National Bank and Trust Company and Bankers Trust Company. Therefore the allegations of the complaint do have a bearing on the. controversy and do not prejudice the defendant (Dior v. Milton, 9 Misc 2d 425, 427). Technically, the motion should be denied as there is neither sham nor prejudice and plaintiff should move to amend its pleadings to add Bankers Trust Company as a party defendant. However, as a practical matter and in the interest of saving the time of the court and the parties, plaintiff will be permitted to amend its pleadings.
The motion under rule 103 of the Rules of Civil Practice is granted with leave to the plaintiff, within 20 days from the date of service of an order with notice of entry, to serve an amended complaint properly designating the defendant and correcting the allegations throughout the complaint so as to correct inaccuracies.
Bankers Trust Company is covered under the policy as Lustra’s depositor bank. It is not covered in its capacity as collector bank. The coincidence that makes it both depositor *229 and collector bank should not preclude plaintiff from recovery. The plaintiff as subrogee may pursue its claim against collector bank which is not entitled to protection under a policy which limits liability to the insured and depositor bank (Maryland Gas. Co. v. Chase Nat. Bank, 153 Misc. 538; National Sur. Corp. v. Federal Reserve Bank of N. Y., 161 Misc. 304, affd. 250 App. Div. 754; Bank of New York v. Public Nat. Bank & Trust Co. of N. Y., 195 Misc. 812, affd. 275 App. Div. 932, affd. 301 N. Y. 503).
In any case, the pleadings challenged for legal insufficiency must be liberally and broadly construed with every inference in favor of the pleadings (Overton-Bey v. Jacobs, 131 N. Y. S. 2d 31) and by such test these pleadings are sufficient and a full trial of the issues should be held.
The motion under rule 106 of the Rules of Civil Practice is denied.