**VULCAN MATERIALS COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant (two cases).**

**Civ. A. Nos. 65–61, 65–333.**

United States District Court
N. D. Alabama, S. D.

Dec. 30, 1969.

Bradley, Arant, Rose & White, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., for Northern Dist. of Alabama, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

These actions, consolidated for the purpose of this opinion, claim refunds of corporate income taxes paid for the calendar year 1967, together with interest as allowed by law. In case number 65–61, the taxpayer seeks a refund of $199,595.51; in case number 65–333, the taxpayer seeks a refund of $369,453.93. These cases were submitted upon stipulations of all material facts, and upon the briefs and oral arguments of counsel.

Plaintiff is a corporation organized under the laws of the State of New Jersey and is the surviving corporation in a series of corporate mergers which were consummated as follows:

On December 23, 1954, Consumers Company (Consumers) and Frontier Chemical Company (Frontier), both Delaware corporations, were merged into a third Delaware corporation theretofore named Follansbee Steel Corporation (Follansbee). Prior to the aforementioned merger, Follansbee disposed of all of its operating assets. Upon merger, the corporation owned approximately nine million dollars in liquid assets and had an approximate six million dollar net operating loss. In the merger proceedings, the name of the surviving corporation was changed from Follansbee Steel Corporation to Union Chemical and Material Corporation (Union Chemical). On December 31, 1957, Union Chemical was merged into the plaintiff. Each of the aforementioned mergers constituted reorganizations within the meaning of Sec. 368(a) (1) (A) of the Internal Revenue Code of 1954, hereinafter referred to as the 1954 Code.

In 1934, the predecessor of Consumers filed a petition in the United States District Court for the Northern District of Illinois for a reorganization under Sec. 77B of the Bankruptcy Act. During the

period 1933 through 1937, various expenditures were incurred with respect to the reorganization and to the organization of the former corporation into Consumers. Likewise, Follansbee's predecessor filed a petition in bankruptcy in 1934 and in 1940 was reorganized into Follansbee Steel Corporation. In 1946, a further corporation merged with Follansbee and as a result of the reorganization and merger, expenses were alleged to have been incurred. Each of the aforementioned expenditures is conceded to be capital in nature and thus not deductible when paid or incurred.

On its 1957 corporate income tax return, Union Chemical deducted all of the aforementioned expenses. A subsequent audit resulted in the disallowance of these deductions, followed by a deficiency assessment totalling $369,453.93 which was paid. A claim for refund of this amount was filed and thereafter rejected on the theory that the aforementioned expenditures were capital in nature and not deductible upon merger.

The Internal Revenue Service further refused to make a refund based on a depletion allowance on the ground that plaintiff had improperly carried over Follansbee's premerger net operating losses in contravention of Sec. 269 of the 1954 Code. Although the deficiency which resulted from the carry-forward was not assessable due to the bar of the statute of limitations, it was nevertheless of sufficient size to offset any recovery to which the plaintiff might otherwise have been entitled. On March 24, 1965, plaintiff's claim for refund was formally rejected.

The parties have stipulated the issues involved herein as follows:

### Civil Action No. 65–61

Whether Consumers Company is entitled to a deduction under Sec. 165 of the 1954 Code, in the amount of $293,-712.76, or any part thereof, representing organization and reorganization expenses, upon its merger into Follansbee Steel Corporation (predecessor in name only to Union Chemical & Materials Corporation) on December 23, 1954, pursuant to Sec. 368(a) (1) (A) of the 1954 Code.

### Civil Action No. 65–333

Whether Union Chemical, as a result of its merger into plaintiff on December 31, 1957, is entitled to deductions under Sec. 165 of the 1954 Code for expenditures which had been previously paid or incurred by Consumers in connection with its organization and reorganization in bankruptcy during the years 1933 through 1937 and by Follansbee in connection with its organization and reorganization in 1940 and its merger in 1946.

Whether or not Union Chemical, as a result of its merger into the plaintiff on December 31, 1957, is entitled to deductions under Sec. 165 of the 1954 Code in the amounts of $307,230.54, $22,297.82 and $10,273.85, or a total of $339,766.21, which deductions consist of expenditures previously paid or incurred by Follansbee in connection with organization and reorganization of Follansbee Brothers Company in 1940 and with the merger into Follansbee of Sheet Metal Specialty Company in 1946.

Whether the net operating loss incurred by Follansbee in its taxable year January 1 to December 31, 1954, and the net operating loss incurred by Union Chemical in the period January 1 to February 28, 1955, are allowable under Sec. 269 in those periods and in taxable years of Follansbee preceding such periods and subsequent taxable years of Union Chemical, respectively, as net operating loss carrybacks or carryovers.

The parties to this action have stipulated that if it is concluded that the net operating losses involved herein are not allowable, by reason of Sec. 269, as deductions under Sec. 172, then the plaintiff will be entitled to no recovery in either Civil Actions 65–61 or 65–333 in view of plaintiff's indebtedness to the United States in an amount in excess of that claimed in these actions.

In the interest of decisional clarity, the issues in this complex factual situation may be stated in the form of two simple questions:

1. Under what circumstances, if any, may the organization and reorganization expenses involved herein, which were capital in nature and concededly not deductible when incurred, become deductible upon the occurrence of a statutory merger carried out pursuant to Sec. 368(a) (1) (A) of the 1954 Code?

2. Was the principal purpose of the 1954 merger between Consumer, Frontier and Follansbee the evasion or avoidance of Federal income taxes in contravention of Sec. 269(a) (2) of the 1954 Code?

### Organization—Reorganization Expense Issue

With respect to this issue, both parties concede that upon the liquidation and dissolution of a corporation, all organization and reorganization expenses theretofore incurred are deductible.

The Government contends that under a statutory merger carried out pursuant to Sec. 368(a) (1) (A), a merged corporation does not cease to exist when dissolved into the survivor, but rather continues to exist in the surviving corporation though not in an independent form. Thus, the rights, franchises and privileges acquired as a result of previous organization and reorganization expenditures continue to be enjoyed by the surviving corporation, and thus are not deductible upon the occurrence of the merger.

The plaintiff urges first that such a statutory merger is indistinguishable from a tax-free liquidation and secondly, that under Delaware State law, and under New Jersey decisional law, a non-surviving corporation in a corporate merger ceases to exist and hence, upon this occurrence, organization and reorganization expenses are deductible.

That there is a decided distinction between a merger and liquidation is axiomatic. This distinction is succinctly stated in Mertens, Law of Federal Income Taxation (Rev.1966), Vol. 4A, Sec. 25.35, p. 163, wherein it is stated:

Although a distinction has been drawn in the case of organization expenses between a liquidation and a statutory merger or consolidation coming within the nonrecognition provisions of the Code, this distinction is inapplicable in connection with liquidation expenses. The theory of the distinction is that on liquidation a capital asset acquired by expenditures at the time of organization is lost. If, however, the corporation is merged or consolidated, the old corporate entity continuing essentially in the new, a capital asset is retained.

The paucity of relevant case law may be an indication that applicable principles in this area are regarded as well settled. However, the deductibility of organization expenses of the nature here involved was in issue in Citizens Trust Co. v. Commissioner of Internal Revenue, 20 B.T.A. 392 (1930). The question there was whether amounts expended in connection with the organization of Citizens Trust Co. (which expenses were conceded to be capital in nature) constituted deductible losses to the latter when it merged with the plaintiff. In denying the availability of the deduction, the Board stated (pp. 393-394):

We fail to see the justification for saying that a loss was sustained by the Citizens Trust Co. in the merger on account of the expenditures incident to its original organization. Such an ending of the corporate life of a corporation is entirely unlike that involved in *Malta Temple Association*, 16 B.T.A. [408] 409, where there was a surrender of the corporate charter and a dissolution of the corporation. There a complete extinction of the corporation occurred, whereas in the instant case all "rights, powers, liabilities and assets" survived except the "indicia and attributes of a corporate body distinct from that into which it is merged."

The foregoing rationale was followed in Motion Pictures Capital Corp. v. Commissioner of Internal Revenue, 32 B.T.A. 339 (1935), affirmed on other grounds, 80 F.2d 872 (2 Cir. 1936), and Addresso-

graph-Multigraph Corp. v. Commissioner, decided February 5, 1945 (P-H Memo T.C., par. 45,058).

Again, in Kingsford Co. v. Commissioner of Internal Revenue, 41 T.C. 646 (1964), another case involving the deductibility of organization expenses, the court stated, p. 661:

> In cases involving the deductibility of organization expenses a distinction has been made between instances where there has been an ordinary liquidation followed by a surrender of the corporate charter and dissolution and instances where there has been a statutory merger or consolidation. Malta Temple Association, 16 B.T.A. [408] 409 (1929); Pacific Coast Biscuit Co., 32 B.T.A. 39 (1935); Citizens Trust Co., 20 B.T.A. 392 (1930). In the former a loss deduction has been allowed on the theory that when complete liquidation and dissolution occurred a capital asset acquired at the time of organization (the corporate franchise) was lost. In the latter no loss deduction has been allowed because the surviving or merged corporation continues to receive the benefit of the organization expenditures.

As authority for its position that the subject organization expenditures are deductible upon merger, plaintiff relies heavily upon Dragon Cement Co. v. United States, 144 F.Supp. 188 (D.C.Me., 1956). The capital expenditure involved therein consisted of a payment made by plaintiff's predecessor to the State of Pennsylvania pursuant to a law which required all corporations doing business in the State of Pennsylvania to pay a bonus tax equal to a percentage of the value of property employed in the Commonwealth. Since no credit for the bonus payment previously paid to the Commonwealth could be taken by the surviving corporation to a merger (Commonwealth v. Merchant Shipbuilding Corp., 11 Penna.Corp. Rep. 454), the asset (bonus) was lost upon merger and, accordingly, the Court ruled that the payment was deductible upon the occurrence of the merger.

Thus, it is quite clear that upon the dissolution of a corporation, all of those characteristics which are said to create the entity cease to exist and are lost forever, whereas, under a statutory merger, the merged corporation's existence is little impaired and continues to exist in the form of another corporation, and consequently, in the latter situation no organization expense deduction is allowable if the benefits for which the expenditure was incurred survive.

Turning now to plaintiff's second contention with respect to organization expense deductions, the Court finds that Treasury Regulation Section 1.368–2(3) promulgated pursuant to Sec. 368 of the 1954 Code provides that "the words 'statutory merger or consolidation' refer to a merger or consolidation effected pursuant to the corporation laws of the United States or a State or Territory or the District of Columbia." Plaintiff urges that the statutory law of Delaware (as to the 1954 merger) and the decisional law of New Jersey (as to the 1957 merger) control. With regard to the 1954 merger, it is argued that pursuant to Sec. 259 of Title 8 of the Delaware Code of 1953, nonsurviving corporations to a merger cease to exist and thus upon the occurrence of the merger organization expenses become deductible.

This Court does not read Sec. 259 as providing for the cessation of the merged corporation's existence. The material portion of that section provides that " * * * the separate existence of all the constituent corporations, parties to said agreement * * * shall cease and the constituent corporations shall become a new corporation * * * possessing all the rights, privileges, powers and franchises as well of a public as of a private nature * * * of such corporations so consolidated or merged * * * " Hence, it is clear that only the *separate* existence of the constituent corporation ceases to exist, and that all of the property, rights, privileges, powers and franchises theretofore enjoyed by the nonsurvivor become the property of the survivor.

■ Likewise this Court does not interpret the case law of New Jersey to hold that a merger is tantamount to a liquidation for purposes of determining the deductibility of organization expenses. This conclusion, however, is not essential to a disposition of these cases in that while state statutory or decisional law may well be determinative of the effects of a merger, such law may not control the tax consequences of the transaction. See Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154 (1942); United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913 (1941); Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938); Cotnam v. Commissioner of Internal Revenue, 263 F.2d 119 (5th Cir. 1959).

■ Thus, this Court concludes as a matter of law that organization and reorganization expenses incurred for property, rights, privileges, powers and franchises which continue to exist in the surviving corporation to a merger, are not deductible upon the occurrence of a merger (Citizens Trust Co. v. Commissioner of Internal Revenue, *supra*), whereas those rights which cease upon the act of merger are deductible (Dragon Cement Co. v. United States, *supra*).

■ The Court has examined in detail the numerous organization, reorganization and 1946 merger expenses involved herein, and finds that all were incurred for property, rights, privileges, powers and franchises which survived both the 1954 and 1957 mergers and consequently are not deductible.

While it would appear that the payments made by Union Chemical Co. to both the State of Kansas and Illinois for the privilege of doing business therein, and for which no credit was given to plaintiff upon the occurrence of the 1957 merger, would be a deductible expense, no evidence of the amount so paid to these states has been introduced in evidence, and, accordingly, no proper finding can be made thereon.

### Net Operating Loss Issue

Prior to December 23, 1954, the date on which Consumers and Frontier merged into Follansbee, the latter corporation disposed of all of its machinery, tools, inventory, etc., which it used in its steel operation; hence, the corporation was but a mere shell. However, on the date of merger its sole possessions consisted of approximately nine million dollars in liquid assets and approximately a six million dollar net operating loss which it could not utilize due to the abatement of its operations. The companies which merged into Follansbee were engaged in the stone and chemical business. Following the merger, the new entity continued to operate profitably. In each of the years 1955, 1956 and 1957, portions of the pre-merger net operating loss suffered by Follansbee were used to offset the profits of the Consumers and Frontier enterprises.

Sec. 269(a) (2) of the 1954 Code provides in material part that where a corporation acquires the property of another and the principal purpose of such acquisition is the evasion or avoidance of Federal income taxes by the securing of a deduction, which deduction would not otherwise have been available, such deduction may be disallowed.

The Government contends that Follansbee's principal purpose in acquiring Consumers and Frontier was to utilize its net operating losses as an offset against future income of the former companies, which benefit it could not have otherwise obtained but for the merger. Plaintiff, on the other hand, denies that the principal purpose of the acquisition was tax avoidance.

Clearly, Sec. 269 is applicable to the facts herein. Southland Corporation v. Campbell, 358 F.2d 333 (5th Cir. 1966); F. C. Publication Liquidating Corporation v. C. I. R., 304 F.2d 779 (2d Cir. 1962), and cases cited thereunder.

■■ In a tax refund suit, which is in the nature of a common law action for money had and received, the burden of proof is upon the taxpayer to prove that the Commission's determination of the tax was wrong. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). The plaintiff has offered no

meaningful evidence which would lead this Court to conclude that the principal purpose of the merger was not tax avoidance. Accordingly, on the record of this case, the Court finds that the principal purpose of the type "A" merger was in fact tax avoidance in contravention of Sec. 269 and hence, Follansbee's net operating loss for its taxable year ended December 31, 1954, and such net operating loss carryovers resulting therefrom, are not allowable by reason of Sec. 269(a)(2) as a deduction under Sec. 172.

Under ordinary circumstances, evidence of Union Chemical's payment to the States of Kansas and Illinois for the privilege of doing business in those states would be sufficient to entitle plaintiff to a portion of the amount claimed in these actions. However, in view of the parties' stipulation that a decision for the Government on the net operating loss issue would preclude any recovery in these actions by taxpayer, the Court concludes that plaintiff is entitled to no recovery.

Judgment for the defendant will be entered in each case.