**McCRORY CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 79 Civ. 899.**

United States District Court, S. D. New York.

Sept. 24, 1980.

Rubin, Baum, Levin, Constant & Friedman, New York City, for plaintiff; Paul H. Asofsky, New York City, of counsel.

John S. Martin, U. S. Atty., S. D. New York, New York City, for defendant; Janis P. Farrell, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff McCrory Corporation ("McCrory"), a Delaware corporation having its principal office within this district, has brought the instant action for a refund of $57,278.70, plus interest, which it alleges to have been erroneously assessed and collected by the Internal Revenue Service as corporate income tax for the taxable year end-

ed January 31, 1966. At issue is whether a corporation may deduct the expenses incurred in a tax–free corporate reorganization in the year it completes disposing of the asset it had acquired in such a reorganization. Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, submitting a joint statement of facts pursuant to Rule 9(g) of the General Rules of the Southern District of New York. For reasons which follow, defendant's motion is granted and plaintiff's is denied.

Two separate corporate transactions, each constituting a "statutory merger" within the meaning of Section 368(a)(1)(A) of the Internal Revenue Code of 1954, as amended, underlie this action. In the first of these, the Olen Company, Inc. ("Olen") was on October 31, 1958 merged with and into H. L. Green Company, Inc. ("Green") which subsequently, in 1961, was acquired by McCrory.[1] In the second transaction, National Shirt Shops of Delaware ("National") was on December 22, 1960 merged with and into McCrory. In the Olen–Green and National–McCrory mergers, respectively, stockholders of Olen who exchanged their stock for Green stock and stockholders of National who exchanged their stock for McCrory common stock recognized no gain or loss for federal income tax purposes.

As the result of the Olen–Green and National–McCrory mergers, Green and McCrory each acquired a chain of retail stores. By January 31, 1965 the entire business operation which Green had acquired from Olen had been discontinued, and by January 31, 1966 McCrory had divested itself of the entire business operation it had acquired from National. McCrory now argues that it should have been allowed to deduct in the taxable year ended January 31, 1966 the expenses it had incurred in the National–McCrory merger, and in the taxable year ended January 31, 1965[2] the expenses

[1.] The Green–McCrory reorganization is relevant to the instant action only insofar as it established McCrory as Green's successor with regard to the Olen–Green merger. We shall therefore treat McCrory as standing in Green's shoes.

[2.] According to Paragraph 30 of the joint Rule 9(g) statement, "McCrory had a net operating

Green had incurred in the Olen–Green merger. Specifically, McCrory contends that all intangible assets acquired in the two mergers became worthless in the respective years in which the acquired businesses were finally abandoned, and that consequently all acquisition expenses should have been deductible in those years. The Internal Revenue Service has disallowed both deductions on the ground that these acquisition expenses may not be claimed as deductions until such time as McCrory itself is dissolved.

■ "It has long been recognized, as a general matter, that costs incurred in the acquisition or disposition of a capital asset are to be treated as capital expenditures." *Woodward v. Commissioner of Internal Revenue* (1970) 397 U.S. 572, 575, 90 S.Ct. 1302, 1305, 25 L.Ed.2d 577. "It is also well settled that where one company acquires another separate and distinct business entity, the cost of taking it over is a capital expenditure . . . ." *Briarcliff Candy Corporation v. Commission of Internal Revenue* (2d Cir. 1973) 475 F.2d 775, 781. "Such expenditures are added to the basis of the capital asset with respect to which they are incurred, and are taken into account for tax purposes either through depreciation or by reducing the capital gain (or increasing the loss) when the asset is sold." *Woodward, supra*, 397 U.S. at 574–75, 90 S.Ct. at 1304–05.

■ Both parties accept the foregoing rules. The dispute between them is whether the expenses of acquiring Olen and National, respectively, should be considered as part of the cost bases of acquired assets, and as such deductible in the years in which such assets are abandoned, or whether they must be added to the capital basis of McCrory, the acquiring corporation. The principal authorities which appear to be relevant are *Vulcan Materials Company v. United States* (5th Cir. 1971) 446 F.2d 690, cert. denied 404 U.S. 942, 92 S.Ct. 279, 30 L.Ed.2d 255, rehearing denied 404 U.S.

1006; *Citizens Trust Co. v. Commissioner of Internal Revenue* (1930) 20 B.T.A. 392; and *Malta Temple Association v. Commissioner of Internal Revenue* (1929) 16 B.T.A. 409. These cases all indicate that the costs of acquiring a corporation by merger must be added to the capital basis of the acquiring corporation, and hence are not deductible until its demise.

In *Vulcan Materials, supra*, the Fifth Circuit observed (446 F.2d at 694–95):

"[W]e accept the government's contention that the provision for deduction of capital expenditures upon dissolution of a corporation is not applicable when the corporation becomes a constituent of a surviving corporation in a merger. The organization and reorganization expenses of the constituent corporations in the case at bar were clearly capital in nature. These assets were not lost but were continued beyond the corporate existence of the constituent corporations and persisted as capital assets of the surviving corporation."

In other words, a merger of one corporation into another creates a new corporate entity, and the acquisition expenses incident to such merger become a part of the capital basis of the surviving corporation.

■ McCrory argues that this result is unjust in the case before us because the essence of both transactions at issue was the acquisition of two specific business enterprises, and that all acquisition expenses with respect to such transactions should therefore have been deductible in the years those enterprises were abandoned. However, the acquisition expenses were not, strictly speaking, incurred merely to obtain the assets of Olin and National, but rather were incurred in order to achieve the particular legal vehicle (in each instance, a tax–free statutory merger) the parties thought to be desirable.

Green and McCrory, respectively, chose to acquire Olen and National by means of

loss for the taxable year ended January 31, 1965. Allowance of the loss in that year would result in an additional net operating loss carry-

over to the year ended January 31, 1966, which is the year at issue."

tax–free statutory mergers rather than by some other type of acquisition (e. g., a simple purchase of assets). Presumably, they were motivated to do so by economic or other practical considerations. Having reaped the benefits of such tax–free statutory mergers at the respective inceptions of the Olen–Green and National–McCrory transactions,[3] McCrory must also accept any burdens resulting therefrom. It cannot now be allowed to treat the transactions as anything else in order at this time to deduct the acquisition expenses.

Defendant's motion for summary judgment is granted. Plaintiff's is denied.

SO ORDERED.