113 T.C. No. 18


UNITED STATES TAX COURT


MERLIN A. AND DEE D. STEGER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19824-98.                    Filed October 1, 1999.


        P, a lawyer, retired from the practice
of law in 1993.  That year, P purchased a
nonpracticing malpractice insurance policy
(the Policy) to cover him for an indefinite
period of time for acts, errors, or omissions
in professional services rendered before the
date of P's retirement.  Ps claimed a
Schedule C deduction for the entire cost of
the Policy on their 1993 return.  R
determined that the Policy is a capital asset
providing a substantial future benefit and
that Ps were only entitled to deduct 10
percent of the cost of the Policy in 1993.
<u>Held</u>:  Ps are entitled to deduct the entire
cost of the Policy in the year of termination
of P's business.

<u>James R. Monroe</u>, for petitioners.

<u>George W. Bezold</u> and <u>Christa A. Gruber</u>, for respondent.

WELLS, Judge:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to Rules 180, 181, and 182.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1993 in the amount of $1,260.  After concessions by petitioners,[2] the issue for decision is whether petitioners are entitled to deduct the entire cost of nonpracticing malpractice insurance paid during the year in issue.  We hold that they are.

FINDINGS OF FACT

This case was submitted fully stipulated under Rule 122, and the facts stipulated are so found.  Petitioners resided in Des Moines, Iowa, at the time that their petition was filed with the Court.

Petitioner husband (petitioner) is a lawyer.  During the year in issue, he practiced as a self-employed attorney and reported his income for the year on a Schedule C.

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable year in issue.

[2]  Petitioners concede:  (1) They failed to report interest income in the amount of $207, and (2) respondent properly reduced petitioner husband's Schedule C deduction by the amount of $1,447.

Petitioner retired from the practice of law in 1993. During that year, he was insured against malpractice under a lawyer's professional liability insurance policy. On December 22, 1993, he exercised an option under this policy to purchase nonpracticing malpractice insurance coverage (the Policy) for the amount of $3,168. The nonpracticing insurance covered him for an indefinite period of time "but only by reason of an act, error or omission in professional services rendered before * * * [his] date of retirement or termination of private practice".

On their 1993 return, petitioners claimed a Schedule C deduction for the entire cost of the Policy. Respondent determined that the Policy was a capital asset and that petitioners were entitled to deduct only 10 percent of the cost of the Policy for the year in issue.

## OPINION

Respondent contends that petitioners are not entitled to deduct the entire cost of the Policy on their 1993 return because the Policy possesses "a useful life of indefinite duration beyond one year." Respondent therefore asserts that the Policy is a capital asset and that petitioners are entitled to deduct the cost of the Policy only over its useful life. In this regard, respondent determined that petitioners were entitled to deduct 10 percent of the cost of the Policy during the year in issue.

We disagree with respondent's determination. For reasons stated below, because petitioner ceased to conduct business in the year in issue, petitioners are entitled to deduct the entire cost of the Policy in 1993, irrespective of whether or not the Policy is a capital asset. We therefore do not decide whether the Policy is a capital asset.

Section 162(a) allows taxpayers to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business." To qualify as a deduction under section 162(a), an item must be (1) paid or incurred during the taxable year; (2) for carrying on any trade or business; (3) an expense; (4) a necessary expense; and (5) an ordinary expense. See Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971). An expense is not "ordinary", and therefore not currently deductible, if it is in the nature of a capital expenditure. See Commissioner v. Tellier, 383 U.S. 687, 689-690 (1966); see also sec. 263. Rather, a capital expenditure is amortized and depreciated over the life of the asset.[3] INDOPCO,

---

[3] Although we need not decide whether the Policy is a capital asset, we note that a business asset is a capital asset if it provides a significant long-term benefit to the taxpayer. INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992). Thus, insurance premiums that constitute prepayment of future insurance coverage provide significant benefits to the taxpayer beyond the year in issue and therefore constitute a capital expenditure. See Black Hills Corp. v. Commissioner, 73 F.3d 799, 806 (8th Cir. 1996), affg. 102 T.C. 505 (1994). Such premiums, therefore, are
(continued...)

Inc. v. Commissioner, 503 U.S. 79, 83-84 (1992). The primary effect of characterizing a payment as either a business expense or a capital expenditure concerns the timing of the taxpayer's cost recovery. See INDOPCO, Inc. v. Commissioner, supra.

The cost of a capital asset is deductible only over the useful life of the asset because "The Code endeavors to match expenses with the revenues of the taxable period to which they are properly attributable, thereby resulting in a more accurate calculation of net income for tax purposes." INDOPCO, Inc. v. Commissioner, supra at 84.

By the same token, it is a longstanding rule of law that if a taxpayer incurs a business expense, but is unable to deduct the cost of the same either as a current expense or through yearly depreciation deductions, the taxpayer is allowed to deduct the expense for the year in which the business ceases to operate. See INDOPCO, Inc. v. Commissioner, supra at 83-84 (holding that "where no specific asset or useful life can be ascertained, * * * [a capital expenditure] is deducted upon the dissolution of the enterprise."); Malta Temple Association v. Commissioner, 16 B.T.A. 409 (1929) (holding that the cost of a business asset, no part of which has been returned to the taxpayer through exhaustion deductions or as ordinary and necessary expense

---

[3](...continued)
not deductible as a current expense.

deductions, may be deducted in the year the taxpayer's business ceases to operate); see generally sec. 336 (corporate taxpayer entitled to recognize loss in the year of liquidation); sec. 195 (allowing a taxpayer to deduct the unamortized portion of deferred startup expenditures for the year in which the trade or business is completely disposed of). Here, respondent does not contend that the cost of the Policy is not a necessary expense. Rather, respondent contends that the cost of the Policy is not "ordinary" because it is a capital expenditure given its indefinite useful life. However, even if we assume that the Policy is a capital asset, petitioners are nevertheless entitled to deduct the cost of the Policy in the year in issue. The Policy has no ascertainable useful life but rather is an intangible asset providing petitioner with malpractice coverage for an indefinite term of years. Although as a capital asset with an indefinite useful life the Policy would not be currently deductible, it is deductible upon dissolution of petitioner's business. See INDOPCO, Inc. v. Commissioner, supra at 83-84. Thus, even if the Policy is a capital asset, because petitioner purchased the Policy in the same year that he ceased to operate his business, petitioners are entitled to deduct the cost of the Policy in that year.

In contrast, if we assume that the Policy is not a capital asset, then the cost of the Policy would be deductible as an

expense incurred by petitioner in closing his business.  It has long been established that the cost of dissolution and termination of a business constitutes "an everyday happening in the business world, and in this sense it is quite an ordinary affair under the test of the Welch case [Welch v. Helvering, 290 U.S. 111 (1933), defining what constitutes an "ordinary" and "necessary" business expense]" and is therefore deductible when "directly connected with, or, as otherwise stated * * * proximately resulted from the taxpayer's business." Pacific Coast Biscuit Co. v. Commissioner, 32 B.T.A. 39, 43 (1935).

There is no dispute that petitioner ceased to operate his business and that he retired from the practice of law in 1993. There is also no dispute that the expenditure was directly connected with petitioner's business, nor that the cost was necessary in the course of petitioner's business.  Under the facts of this case, as an attorney ceasing to practice law, it was also "ordinary" for petitioner to purchase nonpracticing malpractice insurance upon ceasing to practice law.  Welch v. Helvering, 290 U.S. 111, 113-115 (1933).  Thus, if the Policy is not a capital asset, petitioners would be entitled to deduct its cost as an ordinary and necessary closing expense in 1993.

To reflect our disposition of the disputed issue, as well as petitioners' concessions,

<u>Decision will be entered</u>

<u>under Rule 155.</u>