WAINWRIGHT & PAGE, INC., Appellant, *v.* BURR & McAULEY, INC., et al., Respondents.

(Submitted October 9, 1936; decided November 24, 1936.)

*Harold F. Smith* for appellant.

*Marsden B. Candler* for respondents.

CROUCH, J. The complaint herein is attacked under rule 106 of the Rules of Civil Practice for insufficiency. Among other facts, it alleges that the plaintiff, a corporation engaged in the real estate brokerage business, introduced to the defendant Burr a certain Mr. and Mrs. Gordon B. Scott; that the introduction was made because of the plaintiff's acquaintance with and reliance upon Burr, and with the purpose and intent, known to Burr, that she should perform brokerage services for the Scotts and thereby earn commissions for such services; that Burr was associated with MacDonald, Inc., a corporation also engaged in the real estate brokerage business, and would participate in any commissions earned by MacDonald,

Inc., if acting as broker for the Scotts; that accordingly and because of Burr's association with MacDonald, Inc., the Scotts were introduced by plaintiff to MacDonald, Inc., as well as to Burr; and an agreement in writing between MacDonald, Inc., and plaintiff was made whereby plaintiff should be paid one-half of any commissions earned by MacDonald, Inc., on Scott business; that thereafter certain commissions were so earned, in which Burr participated and of which plaintiff received its share; that later and on or about January 10, 1934, Burr severed her connection with MacDonald, Inc., and caused to be incorporated the corporate defendant herein to engage in the real estate brokerage business; that Burr was and is a stockholder, a director and an officer of said corporate defendant; that in the summer of 1935 Burr and the corporate defendant earned and were paid certain brokerage commissions on Scott business, but in disregard of their obligations arising from the facts above stated, have refused to pay plaintiff its share. The relief demanded is judgment for a certain sum of money only.

Regarding this suit as an action at law, the Appellate Division was perhaps right in holding that it could not be maintained upon the facts averred. But if those facts, expressly and by fair and reasonable intendment, state an equitable cause of action, the inappropriate relief demanded may be disregarded and the complaint may be sustained. (*Emery* v. *Pease*, 20 N. Y. 62; *Milliken* v. *Western Union Tel. Co.*, 110 N. Y. 403, 408.)

Construing the complaint broadly and liberally, as we are bound to do upon a motion of this sort (*Peterson* v. *Eighmie*, 175 App. Div. 113, 115), we think the allegations would warrant evidence of an understanding between the plaintiff and the defendant Burr amounting to a joint venture to exploit the Scott business on the basis of a one-half share of the proceeds to plaintiff and a one-half share to Burr and MacDonald, Inc., the latter being either a convenient or a necessary instrumentality to be

used in carrying on the venture. We say necessary, since there is no allegation that Burr herself was a licensed broker. If some such relationship did in· truth exist between plaintiff and Burr, the " animating principle " (*Meinhard* v. *Salmon,* 249 N. Y. 458, 466) underlying many similar and analogous cases imposes a clear duty upon Burr and upon the corporate defendant — since it acted with knowledge of the existence of the venture — to account to plaintiff.

The judgment of the Appellate Division should be reversed and that of the County Court affirmed, with costs in this court and the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.