In the Matter of the Application of WILLIAM SCHIFF, Petitioner, for an Order against CHARLES GOLD and Others, as Commissioners of Appraisal, etc., Respondents.

Supreme Court, Westchester County, March 8, 1941.

*Samuel R. Feller*, for the petitioner.

*William C. Chanler, Corporation Counsel [Henry R. Bright* of counsel], for the respondents.

DAVIS, J.   Application is made under article 78 of the Civil Practice Act for an order directing the respondent commissioners of appraisal to hear and determine a damage claim made by the petitioner, or, in the alternative, directing the respondent corporation counsel to institute new condemnation proceedings in which the petitioner's claim may be heard.   Petitioner's claim is that a well on his property was dried up and made permanently useless as a result of blasting operations conducted by the city of New York in the construction of its water supply system on other property in the vicinity.   The question is whether the petitioner may seek compensation in condemnation proceedings.   No land of the petitioner has been taken by the city, nor is the taking of any such land contemplated.   The pending condemnation proceeding was instituted by the board of water supply, acting under chapter 724 of the Laws of 1905, now chapter 41, title K of the

Administrative Code of New York City. Nothing in that title appears to authorize an award of damages to the plaintiff in such a proceeding. Section K41–44.0 applies only to properties in certain designated counties, not including Westchester. The petitioner relies on section D15–11.0 of the Code, but that section seems to apply only to proceedings instituted by the commissioner of water supply, gas and electricity.

Condemnation statutes are to be strictly construed. (*Matter of Poughkeepsie Bridge Co.*, 108 N. Y. 483.) In the absence of clear statutory authority it seems improper to hold that condemnation commissioners have jurisdiction to determine a claim of the present character, which may involve a difficult question as to the causal relationship between the city's construction work and the damage to the well. *Matter of Bensel* (170 App. Div. 911), affirming without opinion an unreported decision of Mr. Justice TOMPKINS, appears to be in accord with this view.

The petitioner may have a cause of action at law for trespass. (*Forbell* v. *City of New York*, 164 N. Y. 522; *Smith* v. *City of Brooklyn*, 18 App. Div. 340; 32 id. 257; affd., 160 N. Y. 357.) In any event I am of the opinion that relief is not available in the condemnation proceeding. Petitioner's application is, therefore, denied, and respondents' cross-motion to dismiss the petition is granted, without costs. Submit order at Special Term on notice.