EDWIN R. LA VIN, Plaintiff, *v.* RUSSELL C. LA VIN et al., Defendants.*

Supreme Court, Special Term, Queens County, January 11, 1943.

---

* Affd. 266 App. Div. 674.

*Leo Sherman* for defendants.

*Meyer Kraushaar* for plaintiff.

DALY, J. The defendants move (1) to dismiss the first six causes of action contained in the amended complaint on the ground that the court has no jurisdiction of the subject matter of the said causes of action (Rules Civ. Prac. rule 106, subd. 2) and (2) to dismiss the amended complaint for legal insufficiency (Rules Civ. Prac. rule 106, subd. 5). It is contended by the defendants that all of the thirteen causes of action contained in the amended complaint assume the validity of the first and that if this cause of action falls the remaining twelve must necessarily fall.

It is alleged in the first cause of action that the plaintiff and the defendant Russell Craig La Vin are the sole heirs at law and next of kin of Julian Curtis La Vin, who died on the 13th day of August, 1934, a resident of the city and county of New Haven, State of Connecticut, and that the defendant Angy Ranger La Vin was the wife of said Julian Curtis La Vin and is the mother of the plaintiff and the other individual defendant Russell Craig La Vin; that for some time prior to his death the plaintiff's father had accumulated a substantial estate consisting of cash and real estate in the States of Florida and Connecticut; that for the purpose of convenience he had placed said property in the hands of his wife, retaining dominion and control of the same throughout his life and with the understanding that at any time, upon request, his wife would make available to him any portion of said property placed in her name; that prior to the 10th day of January, 1934, the decedent, intending to establish a trust for the benefit of the plaintiff and the individual defendants, entered into an oral agreement with them whereby he agreed in substance that he would execute a will wherein he would provide that, in the event of his predeceasing his wife, all of his property, whether standing in his name or in the name of his wife, should be bequeathed and devised to her with the express understanding and agreement that she should hold said property in trust nevertheless and use the net income during her life for her support and maintenance as well as the support and maintenance of the two sons, and that upon her death she should leave the principal of the said property to the said two sons, share and share alike, and, should she in her lifetime desire to distribute any portion of the principal between the said two sons, such distribution should be made equally between them; that it was further understood that the defendant Angy Ranger La Vin should make a will providing that if she predecease her husband all property in her hands belonging to him should be devised and bequeathed to him. In accordance with this understanding and agreement the decedent made and executed a will wherein he devised all of his property to his wife and appointed her sole executrix without bond; that this will was offered for probate by the wife who requested plaintiff to sign a waiver of notice of hearing and a consent admitting the will to probate, ratifying and confirming the oral agreement above referred to.

It is then alleged " that relying upon such representations and assurance " the plaintiff executed the written waiver of notice of hearing and consented to the probate of the will and

the said will was duly admitted to probate by the Probate Court of the District of New Haven, State of Connecticut, and the defendant Angy Ranger La Vin did enter into possession of the said property with the aid and assistance of the said plaintiff; that she thereafter turned over and transferred to herself all of the assets of the estate and the estate has now been fully distributed; that in the fall of 1941 plaintiff demanded an accounting from his mother for her acts and conduct as trustee under the aforesaid trust; that " with the connivance and procurement of the defendant Russell Craig La Vin and by means of undue influence and fraudulent representations which he made to the plaintiff's mother   *   *   *   with respect to the plaintiff's conduct and manner of living, and for the purpose of dominating and controlling " her and " causing her to deprive plaintiff of his interest in his said father's estate," said defendant Angy Ranger La Vin repudiated her trusteeship and the terms of the trust; that she has asserted that the plaintiff had no interest in the property except what she chose to give him and has refused to afford the plaintiff any information as to the nature and character of the assets belonging to the trust estate and the income therefrom and has threatened to deprive the plaintiff of any interest therein after her death by making a will excluding the plaintiff from any participation in the trust fund.

The prayer for relief in respect to the first cause of action seeks judgment adjudicating that the trust set up by the decedent be recognized and enforced and that the defendant Angy Ranger La Vin, as trustee thereunder, be required to account for the principal and corpus of the said estate as well as the income thereof from the 13th day of August, 1934.

All the remaining causes of action incorporate nine out of the eleven paragraphs asserted in the first cause of action.

The second, third, fourth and sixth causes of action are asserted by the plaintiff as director of and having a beneficial interest in the capital stock of the defendant J. C. La Vin Co. Inc., which is a Connecticut corporation, and there is also alleged that no demand to bring an action in behalf of said corporation has been made, because such a demand would have been futile for the reason that it would require the defendants to bring an action against themselves.

The fifth cause of action is predicated upon an agreement entered into between the plaintiff and the individual defendants upon the death of his father, to the effect that all of the stock owned by the estate in the J. C. La Vin Co. Inc. should be held

by the defendant Angy Ranger La Vin, notwithstanding that the same was registered on the books of the corporation in other and different names; that the same should be held as part of the trust fund referred to in the first cause of action; that the plaintiff should be continued in office as a director of the corporation so long as the estate was interested therein; that he and the individual defendants should remain the sole directors of said corporation; that notwithstanding said agreement, the plaintiff was removed as director and another person was elected in his place who has no beneficial interest in the corporation; and that said election was, moreover, illegal and unlawful.

The seventh cause of action involves the defendant Sanford Hotel Corp., a domestic corporation organized in the year 1939, of which, at the commencement of this action, the plaintiff and the individual defendants were the sole directors and stockholders. It is predicated upon an agreement between the said parties to take $45,000 out of the assets of the estate of Julian Curtis La Vin and invest the same in the acquisition of the controlling interest in the Hotel Sanford, Flushing, N. Y.; that the stock of the company was to be equally divided between the plaintiff and the individual defendants as well as the net profits of the hotel; that a management contract should be entered into between the defendant J. C. La Vin Co. Inc. and the Sanford Hotel Corp., whereby the latter would pay five per cent of the gross receipts as a management fee; that this fee should be equally divided as dividends of the J. C. La Vin Co. Inc. between the plaintiff and the individual defendants so long as they are jointly interested in the Sanford Hotel Corp.; that each would cast his votes as holder of record of the capital stock of the said company in favor of the others as directors in order that the three of them should be perpetually represented on the Board of Directors; that after the investment contemplated by the aforesaid agreement was made and the hotel acquired, it was agreed between the plaintiff and the individual defendants that the management of said hotel should be shared by them jointly and that each should live in the hotel and receive room and board, et cetera, the cost of which was to be charged against their individual accounts and against their profits. It is then charged that in December, 1941, the plaintiff demanded an accounting and an audit of the books of the said Sanford Hotel Corp. and that this was refused and the aforesaid contract was repudiated, and it was falsely asserted that the plaintiff had no interest in the capital stock of the corporation and that the twenty shares of stock allocated in plaintiff's

name, and the profits of the corporation, were converted by the defendants to their own use.

The eighth cause of action incorporates also the allegations of the seventh, and further alleges that the individual defendants, without legal justification or excuse and notwithstanding that there were enough profits to cover the same, caused a demand to be made upon him for payment for room and telephone service and meals, which it was claimed he had incurred while living in the Hotel Sanford, and that unless the amount thus demanded was paid by a certain day he would be ousted from the hotel and a legal action for the collection of the amount brought; that thereafter the defendants locked his room, seized his personal property and refused to restore same to him; that plaintiff brought a proceeding in the Municipal Court for forcible entry but his complaint was dismissed and that there is an appeal therefrom now pending; that his right to the occupancy of said room still exists, and that unless this court makes an adjudication establishing that right plaintiff will have no adequate remedy at law.

The ninth, tenth, eleventh and twelfth causes of action are derivative in character inasmuch as it is asserted that a demand to bring an action would be futile because it would involve an action by the individual defendants against themselves.

The thirteenth cause of action is predicated upon the alleged improper election, on September 21, 1942, of another person as a director of the defendant Sanford Hotel Corp.

The foregoing consists of but a brief resume of the one hundred paragraphs of the amended complaint typewritten on thirty-two legal cap sheets.

Inasmuch as the motion here made is not "corrective" in character, but challenges solely the jurisdiction of the court and the legal sufficiency of the amended complaint, the court will confine itself to these matters.

The defendants contend that this court has no jurisdiction of the subject matter of the first six causes of action because they deal with the internal affairs of the J. C. La Vin Co. Inc., which is a foreign corporation. It seems to me that the short answer to this contention is the opinion of our Appellate Division in a proceeding under article 78 of the Civil Practice Act, wherein this plaintiff obtained an order compelling this very company to permit an inspection of its books and records. (*Matter of Lavin* v. *Lavin Co., Inc.*, 264 App. Div. 205.) There it was stated: "Upon the conceded facts, the corporate respondent, although not licensed to do business in this State,

is here with its officers, doing such business in that it is rendering services in this State in the management of the Sanford Hotel in Flushing, N. Y., not casually, but with a fair measure of continuity. It is doing business within the State and is present therein. [Citing cases] The court is warranted in assuming jurisdiction under these circumstances, and it is its duty, in our opinion, to assume such jurisdiction. The appellant, as a director of the corporate respondent, has an absolute, as distinguished from a qualified, right to examine its books and papers. [Citing cases.] ''

In addition, the underlying cause of action (the first cause of action) is to enforce an alleged trust agreement in respect to the three individuals who are parties to this action, all of whom are residents of this State; the purpose of this action is not, as suggested by the defendants, to set aside a will probated in Connecticut. The very agreement which the plaintiff asserts was breached contemplated that the decedent should bequeath and devise to the defendant Angy Ranger La Vin all of his property whether standing in his name or in her name, and it is the validity of this agreement which the defendants challenge in the second branch of the motion, which seeks to dismiss the amended complaint for legal insufficiency. The first branch of the motion is accordingly denied.

Upon a motion under rule 106 of the Rules of Civil Practice the court is '' bound to take the allegations as facts '' (*Locke* v. *Pembroke,* 280 N. Y. 430, 432) and to construe the pleading '' broadly and liberally.'' (*Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130, 132.)

Assuming, then, the truth of the facts pleaded by the plaintiff, we have here an oral agreement between a testator, his wife and their two sons whereby it was agreed in substance that he would make a will leaving her all of his property with the express understanding and agreement that she should hold the said property in trust nevertheless to use the net income thereof during her life for her own support and maintenance, as well as the support and maintenance of the two sons, and that upon her death she should leave the principal to the said sons, share and share alike, and should she in her lifetime distribute any portion of said estate, such distribution should be made equally between the said two sons. The defendants' principal contention is summarized on page 17 of their brief as follows: '' If the plaintiff has any rights under that will, if the will was obtained through fraud or in violation of a contractual obligation, or if the probate of the will was obtained through fraud,

then those are matters which must be brought up in the court where the will has been probated. Surely, it cannot be said that the Supreme Court of the State of New York can declare the rights and obligations of the parties to this action to be different from those which are declared by the deceased in his will, which is before the Probate Court of Connecticut.''

With this view I am unable to agree. As already pointed out, this is an action to enforce the agreement alleged in the amended complaint and its purpose is not to set aside the will nor the probate thereof. Plaintiff relies upon the rule stated, as follows, in 66 A. L. R. 157: '' Where a person, knowing that a testator, in giving him a devise or bequest, intends it to be applied for the benefit of another, either expressly promises, or by his action at the time implies, that he will carry the testator's intention into effect, and the property is left to him in the faith on the part of the testator that such promise will be kept, the promisor will be held as a trustee *ex maleficio*.'' (See, also, 3 Bogert on Trusts and Trustees, § 499, p. 1617; 1 Scott on Trusts, § 55 *et seq.,* p. 305 *et seq.;* 3 Scott on Trusts, § 491, p. 2379; Restatement, Law of Restitution, § 186, pp. 757, 758; Restatement, Law of Trusts, § 55; *Matter of O'Hara,* 95 N. Y. 403; *Amherst College* v. *Ritch,* 151 N. Y. 282; *Fairchild* v. *Edson; Edson* v. *Bartow,* 154 N. Y. 199; *Ahrens* v. *Jones,* 169 N. Y. 555; *Seaver* v. *Ransom,* 224 N. Y. 233; *Sick* v. *Weigand,* 123 N. J. Eq. 239.)

The rule has been more comprehensively stated by the Court of Appeals in *Amherst College* v. *Ritch* (*supra,* 323, 324) as follows: '' * * * if the testator is induced either to make a will or not to change one after it is made, by a promise, express or implied, on the part of a legatee that he will devote his legacy to a certain lawful purpose, a secret trust is created, and equity will compel him to apply property thus obtained in accordance with his promise. [Citing cases.] The trust springs from the intention of the testator and the promise of the legatee. * * * The rule is founded on the principle that the legacy would not have been given, or intestacy allowed to ensue, unless the promise had been made, and, hence, the person promising is bound in equity to keep it, as to violate it would be fraud. While a promise is essential it need not be expressly made, for active co-operation or silent acquiescence may have the same effect as an express promise.''

In *Wallgrave* v. *Tebbs* (2 K. & J. 321, cited in the *Amherst College* case, *supra*) the court said: '' Where a person knowing that a testator, in making a disposition in his favor, intends

it to be applied for purposes other than his own benefit, either expressly promises or by silence implies that he will carry the testator's intention into effect, and the property is left to him upon the faith of that promise or undertaking, it is in effect a case of trust; and in such a case the court will not allow the devisee to set up the Statute of Frauds — or rather the Statute of Wills, by which the Statute of Frauds is now in this respect superseded, and for the reason that the devisee by his conduct has induced the testator to leave him the property;  *  *  * " (Compare, also, *Matter of Hermann,* 178 App Div. 182, 189, affd. 222 N. Y. 564; *Matter of Hawes,* 119 Misc. 359, affd. 212 App. Div. 861.)

I am accordingly of the opinion that the first cause of action is legally sufficient. It cannot be said, in view of the authorities, that an agreement such as has here been pleaded, resulting in a trust in favor of the heirs at law and next of kin of the decedent, is unlawful and if established " a court of equity will not permit the legatee to hold his legacy." (*Fairchild* v. *Edson, supra,* 219.)

It has been held that where a motion is made upon the ground that the complaint does not state facts sufficient to constitute a cause of action the motion must be denied " if in any aspect upon the facts stated the plaintiff is entitled to a recovery." (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432, 433.) Since the second branch of the notice of motion herein seeks an order " dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action " and is not specifically addressed to any one of the thirteen causes of action pleaded in the amended complaint, and the sufficiency of one of said causes of action has been upheld, that branch of the motion must, in all respects, be denied since it is settled that " the sufficiency of any one cause of action will defeat a general notice of motion addressed to the sufficiency of a complaint containing more than one cause of action." (*Fusco* v. *Brooks,* 263 App. Div. 845.) Moreover, the first cause of action is the underlying cause of action here and, as contended by the defendants, all of the causes of action assume the validity of the first and they would fall if the first is deemed insufficient.

In light of the foregoing the defendants' motion is in all respects denied with leave to serve an answer within ten days of the service of the order hereon with notice of entry.