Matthew M. Levy, J.
In his complaint, plaintiff alleges in substance: that the parties were brokers; that, under a copartnership agreement between them, they were to divide any commissions received from their customer upon their procuring a mortgage loan for him; that the loan was obtained; that defendant received the entire commission; and that it refused to divide with plaintiff. The complaint seeks $11,000, which is one half of the commissions.
Defendant moves to strike the action from the jury calendar on the ground that plaintiff is suing on a partnership account and is therefore entitled to equitable relief only. If this is so, the plaintiff can not have a jury trial as a matter of right, and the action should be stricken from the jury calendar.
*634 By cross motion plaintiff seeks to amend the complaint so as to eliminate the allegation of partnership. He takes the position that, by deleting the words “ as copartners ”, he removes any doubt that the action is not an equitable one, and that he clearly leaves merely an action for money damages. This position is not well taken. The complaint, when amended, would still plead an equitable cause of action. The pleading would then allege what amounts to a joint venture between the parties to secure a mortgage loan and to divide the proceeds from the obtaining of the loan on the basis of a one-half share of the net profit to plaintiff and a one-half share to defendant. An action which seeks to obtain a share of the yield of a joint venture is an equitable action (Wainwright & Page v. Burr & McAuley, 272 N. Y. 130) and is thus triable without a jury.
The cross motion to amend the complaint is granted without opposition, and, upon the amended as well as the original complaint, the motion to strike from the jury calendar is granted.
Settle one order on both motions.