Charles T. Major, J.
This motion was made by claimants under section 19 of the Court of Claims Act, which reads, in part, as follows: “ 4. Where an award is made for the appropriation by the state of real property or any interest therein or for damages to real property caused by the state, interest thereon, if any, shall be suspended by the clerk of the court in and by the judgment from the expiration of thirty days after notification in writing by the attorney-general to the claimant or his attorney that the attorney-general is ready and willing to approve title to the property covered by the award upon the presentation to him of proper proofs, instruments and vouchers, to the date of such presentation, unless otherwise ordered by the court or a judge thereof on an application by the claimant or his attorney, made prior to the entry of judgment and on notice to the attorney-general, showing a satisfactory reason why interest should not be suspended.”
On or about July 1,1958, the Attorney-General notified claimants ’ attorneys that interest on claimants ’ $64,000 award would be suspended in and by the judgment from the expiration of 30 days after June 30, 1958, the date of the mailing of said notice, to the date of presentation of the requested papers, namely:
(1) Release of owner;
(2) Affidavit of title;
(3) Voucher in duplicate;
(4) General release to be executed by Spence Dry Cleaners, Inc.
(5) General release to be executed by Daniel G. Robbino ;
(6) 1954 and 1955 City, State & County tax receipts;
(7) Receipt from Bureau of Water, for water supplied, in the amount of $1.57.
The claimants’ attorneys procured and, on July 31, 1958, forwarded all the foregoing documents to the Attorney-General, except the requested general release of Daniel G. Robbino, a dentist, who was a tenant in the appropriated premises. His lease expired on May 31, 1956, and his possession was not disturbed by the State of New York prior to such termination date. He refused to sign a release after requests to do so by claimants and by his own personal attorney.
The State took title to the subject property on November 1, 1955, but failed to serve Dr. Robbino with a notice of appropriation until January 3,1957, which gave Dr. Robbino until January 3,1959 to file'a notice of claim if he so desired. From the facts stated in the moving affidavits, it does not appear that Dr. Robbino had any interest in or claim against the award herein.
*383 Before commencing appropriation under section 30 of the Highway Law, it is the duty of the Superintendent of Public Works to deliver to the Attorney-General a copy of the description and map. Whereupon it shall be the duty of the Attorney-General to advise and certify to the Superintendent of Public Works the names of the owners of the property, easements, interests or rights so described, including the owners of any right, title or interest in and to such property, easements, interests or rights. The Superintendent of Public Works shall thereupon cause a copy of such description and map, with notice of the filing thereof in the office of the Department of State and in the office of the County Clerk or Register, to be served on the owner or owners of the property, easements, interests or rights so certified by the Attorney-General. (Highway Law, § 30, subd. 9.)
The term “property” as used in such section 30 is defined in subdivision 2 thereof, ‘ ‘ to include lands, waters, rights in lands or waters, structures, franchises and interests in land, including lands under water and riparian rights, and any and all other things and rights usually included within the said term and includes also any and all interests in such property less than full title, such as easements permanent or temporary, rights-of-way, uses, leases, licenses, and all other incorporeal hereditaments and every estate, interest or right legal or equitable.”
These are the matters of title referred to in subdivision 9 of section 30 of the Highway Law requiring certification as to the owners thereof by the Attorney-General to the Superintendent of Public Works, and making all persons, who own or have any interest in the appropriated property, parties to the appropriation.
Appropriation is a statutory proceeding and must strictly conform if the owner is to be deprived of his right, title and interest.
Section 19 of the Court of Claims Act is not intended to give the Attorney-General any decisive authority over the question of interest to be included in the judgment. Such authority is invested by the Legislature in this court, and the action of the Attorney-General is reviewable in the manner of this proceeding. Neither is it the intent of such section that the Attorney-General should suspend such interest without a valid reason. Such action cannot be unreasonable, arbitrary, capricious, or delaying. Claimants divested of their property are entitled not only to be compensated, but such compensation must be made *384 expeditiously in fairness not only to claimants, but also to the taxpayers of the State who are called upon to pay any extra interest caused by laches.
The intent of section 19 of the Court of Claims Act is to cause the claimant to speedily make, execute and deliver such papers or documents as are necessary to complete the transfer of his own title, and the discharge of his liquidated personal claims, together with unoutlawed liens and incumbrances against the property, for which he may personally be held liable, just prior to the appropriation. Any claim by Dr. Daniel Gr. Bobbino for appropriation of his lease is against the State and not against claimants. It was the duty of the State, for its own protection, to interplead the tenant if his rights were to be determined and the award divided. It is the duty of the State to procure such release if it deems it necessary.
The claimants’ motion is granted, as requested, and interest is allowed on the award made herein.
Submit order.