Lawrence H. Cooke, J.
Defendant originally moved for ‘' judgment dismissing the summons and complaint herein under Buie 106 of the Buies of Civil Practice, Subdivision 1 and Subdivision 4 thereof, on the ground that the Court has not jurisdiction of the subject of the action and the complaint does not state facts sufficient to constitute a cause of action.” On the return day the attorney representing the defendant stated in open court that the part of the motion instituted under subdivision 1 of said rule (that the court has not jurisdiction of the subject of the action) was withdrawn.
At the outset, it is significant and elementary to state that a pleading attacked for insufficiency must be construed liberally and broadly and is entitled to every fair inference and intend *91 ment (Civ. Prac. Act, § 275; Wainwright & Page v. Burr & McAuley, 272 N. Y. 130, 132; Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414; New Rochelle Trust Co. v. Hinton, 256 App. Div. 724, 725; Butler v. Foster, 246 App. Div. 680; Stark v. Howe Sound Co., Inc., 148 Misc. 686, 690, affd. 241 App. Div. 637; Leary v. City of New York, 240 App. Div. 911; American Guar. Ins. Co. v. Public Nat. Bank, 13 Misc 2d 227, 229). Furthermore, upon such a motion, the court accepts as true the material allegations of fact contained in the complaint and any reasonable inference that may be drawn therefrom (Garvin v. Garvin, 306 N. Y. 118; Locke v. Pembroke, 280 N. Y. 430; Nevins v. Kasmach, 279 N. Y. 323; Hart v. Hart, 274 App. Div. 836).
The within action is brought pursuant to article 15 of the Real Property Law and the complaint, among other things, states in substance: that plaintiffs are the owners of certain described parcels of real property, title having been acquired as set forth therein; that defendant filed in the Department of State and with the Sullivan County Clerk an alleged appropriation of an easement covering lands of the plaintiffs and others; that the effect of the easement would be to prevent plaintiff from erecting signs or billboards on lands owned by them for a distance varying from 900 feet to more than one-half mile on each side of relocated State highway No. 17; that a copy of the map of appropriation is annexed to the complaint and made a part thereof; that the said estate and interest claimed by defendant is invalid because defendant acted without authority of law; and that defendant stated its authority for said appropriation is in section 30 of the Highway Law but that no such authority exists therein.
The map attached to the complaint calls for: “ A permanent easement to be exercised in, on and over property above delineated and hereinafter described for the restriction, removal and prohibition of any outdoor sign, display, device, figure, painting, drawing, message, placard, poster, billboard, or other thing which is designed, intended or used to advertise or inform, together with the concurrent right at all times to enter upon such property and remove or demolish any thereof, which in the opinion of the Superintendent of Public Works, or a duly authorized representative, is, or would be visible and capable of being seen without visual aid by a person of normal visual acuity from the main-traveled way, turning roadways, interchange roads, or ramps from within the controlled access portion of the right of way of the highway project named herein or the controlled access portions of the right of way for high *92 ways connected or adjacent to it or intersected by it. Subject to the reservations hereinafter set forth, such easement is to be exercised in and to all that piece or parcel of property hereinafter designated * *
The reservation so referred to ■ relates to signs which are: “ * * * designed, intended or used to advertise or inform only about the sale or lease of, or activities conducted upon the said parcel of property upon which the said sign is located or premises owned by the same owner which abut said parcel upon which said sign is located * * *
Defendant contends that it has the authority to appropriate the easement in question by virtue of subdivisions 2 and 3 of section 30 of the Highway Law. Subdivision 2 thereof provides as follows: “ 2. The superintendent of public works, for and in behalf of the people of the state of Hew York may acquire by appropriation any and all property necessary for the construction, reconstruction and improvement of state highways and bridges or culverts on the state highway system, including the appropriation of property for drains, ditches, spoil banks, gravel pits and stone quarries; also for the removal of obstructions, improvement of sight distances; also for appropriation of property for the reconstruction of existing highway-railroad separation structures, and for the separation of highway-railroad grades on newly laid-out highways; and for other purposes to improve safety conditions on the state highway system. The term ‘ property ’ as used in this section is defined to include lands, waters, rights in lands or waters, structures, franchises and interests in land, including lands under water and riparian rights, and any and all other things and rights usually included within the said term and includes also any and all interests in such property less than full title, such as easements permanent or temporary, rights-of-way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable. The manner of appropriation, including method of obtaining possession, shall be as hereinafter set forth. ’ ’
An examination of the first sentence of said subdivision reveals the purposes for which the Superintendent of Public Works may acquire property by appropriation, same being used for the following purposes: (a) the construction, reconstruction and improvement of State highways and bridges or culverts, (b) drains, (c) ditches, (d) spoil banks, (e) gravel pits, (f) stone quarries, (g) removal of obstructions, (h) improvement of sight distances, (i) reconstruction of existing highway-railroad separation structures, (j) separation of highway-railroad grades on *93 newly laid-out highways, and (k) other purposes to improve safety conditions.
The right to take property by eminent domain is a sovereign power of the People of the State but a statute conferring the power of eminent domain must be strictly construed and is not extended by inference or implication; and, although statutes granting the power of eminent domain are not to be construed so literally or strictly as to defeat the evident purpose of the Legislature, they are to receive a reasonably strict and guarded construction and the powers granted will extend no further than is stated expressly or is necessary to accomplish the general scope and purpose of the grant and, if there remains a doubt as to the extent of the power after all reasonable intendments in its favor, the doubt should be solved adversely to the claim of power (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 293; Society of N. Y. Hosp. v. Johnson, 5 N Y 2d 102, 107; Matter of New York Water Serv. Corp., 67 N. Y. S. 2d 850, affd. 271 App. Div. 1019, affd. 296 N. Y. 1016; People v. Fisher, 189 App. Div. 148, affd. 233 N. Y. 663; City of Oswego v. Montcalm Dock Co., 245 App. Div. 555; County of Jefferson v. Horbiger, 229 App. Div. 381; Paparo v. State of New York, 15 Misc 2d 381, 383; Sowma v. State of New York, 203 Misc. 1105, 1111-1112; Matter of Schiff v. Gold, 176 Misc. 119). To hold that an easement prohibiting signs, billboards and the like is provided for in subdivision 2 of section 30 of the Highway Law would be to resort to inference or implication. Such authority is not expressly stated therein. To say the least, an examination of the said subdivision leaves one in doubt and that doubt must be resolved against defendant. This position is strengthened by an examination of section 361-a of the Public Authorities Law, relating to the Thruway, in which advertising devises are expressly prohibited. If the Legislature had intended to apply a similar prohibition to land abutting on highways other than the Thruway, it is only reasonable to assume that they would have enacted similar legislation relating to lands along such other highways.
It also appears from the challenged pleading that there is another basis for the cause of action asserted. It is noted that the easement sought by the State is for the restriction, removal and prohibition of any sign, billboard and the like on property described ‘ ‘ which in the opinion of the Superintendent of Public Works, or a duly authorized representative, is, or would be visible and capable of being seen without visual aid by a person of normal visual acuity from the main-traveled way, turning roadways, interchange roads, or ramps from within the con *94 trolled access portions of the right of way for highways connected or adjacent to it or intersected by it ”, same being subject to a reservation as to signs informing only about the sale, lease or activities conducted upon the parcel upon which the sign is located.
Where the sovereign takes property there must be no uncertainty in the description of the property to be taken nor in the degree of interest .to be acquired (Bell Tel. Co. v. Parker, 187 N. Y. 299, 303; Matter of Water Comrs. of Amsterdam, 96 N. Y. 351, 361; City of Plattsburg v. Kellogg, 254 App. Div. 455, 457; Porter v. State of New York, 5 Misc 2d 28, 33). In Bell Tel. Co. v. Parker, supra, the Court of Appeals pointedly stated at page 304: “It is not enough in a proceeding to condemn an interest in land for public purposes to describe the interest sought to be acquired so vaguely as to leave it dependent upon the undisclosed opinion of the condemning party as to the quantum of the interest which it may be deemed necessary to take. ’ ’ That is the case here. The extent of the taking is dependent upon the undisclosed opinion of the Superintendent of Public Works or a duly authorized representative as to what ‘ ‘ is, or would be visible and capable of being seen without visual aid by a person of normal visual acuity ”. Does not the “ extreme accuracy ” referred to in the decisions require a definite description of the lands on which the signs are to be prohibited rather than the somewhat general description intermixed with opinion employed here? Is not such a definite description necessary for the protection of the rights of all parties? The answer to these questions is obvious.
The question presented upon this motion is not whether the prohibition of signs and billboards in certain areas is advisable or in the public interest but rather whether the complaint of the plaintiffs states facts sufficient to constitute a cause of action. A review of section 30 of the Highway Law and of the description of the easement sought to be acquired by defóndant indicates clearly that the motion of the State must be denied.
Motion denied. Submit order on notice of two days.