Mario Pittoni, J.
Motion under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the amended complaint for failure to set forth facts sufficient to constitute a cause of action is denied.
The complaint is based upon a contract made by the defendant, Ringhoff Corp., and the plaintiffs, Mounteney & Mounteney and English, in the nature of a joint venture, from January 1, 1961 to December 31, 1961, in the home improvement business. The Ringhoff Corp. was to maintain an office and to bear the cost of advertising and the expenses of the business, including labor and materials. English was to supervise and conduct the physical construction. Mounteney & Mounteney were to “ sell the services ” of the corporation to those interested in home improvement, and no improvement contract was to be binding until approved by an officer of the corporation. The profits of such contracts were to be divided 40% to the corporation, 30% to English, 30% to the Mounteneys, and any loss on such contracts to be borne in the same ratio.
On June 22, 1961 the contract was terminated in writing by an indorsement at the end, signed by all, as follows: “It is agreed by the undersigned to terminate the within contract as of June 22, 1961.”
The complaint alleges that 10 home improvement contracts were begun and completed between January 1 and June 22,1961, that plaintiffs have performed all obligations on their part, and that defendant corporation has not accounted for the profits on these 10 contracts.
Plaintiffs request an accounting and that thereafter defendant be declared a trustee of the profits to the extent of plaintiffs’ interest therein.
Defendant relies on the general rule as stated in McCreery v. Day (119 N. Y. 1, 5) “ Where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid and received thereon, will ordinarily ‘ be referred to the agreement of rescission and in general no such claim can be made unless expressly or impliedly reserved upon the rescission ’ ”.
This court feels that such general rule is not applicable to the case at bar. In both Colletti v. Knox Hats Co. (252 N. Y. *364 468) and Eames Vacuum Brake Co. v. Prosser (157 N. Y. 289) cited by defendant, the court dealt with employment contracts. In the Golletti case the court denied recovery on the alternative reasoning that performance of the services for an entire year was a condition precedent to payment, and in the termination agreement the parties did not otherwise provide. In the Eames case also, at the time of termination, the sales, though previously bargained for, were still unexecuted, and such commissions were not reserved in the termination agreement. In the present case we do not deal with an ordinary contract of employment but with a joint venture to continue for the period of one year. The defendant was not obligated to “ pay ” anything to plaintiffs for services rendered; rather the agreement was that the profits earned by the venture belonged to all members, when received, in accordance with the agreed ratio. On June 22 there was an agreement to terminate the joint venture contract. The effect of a termination agreement ‘ ‘ depends on the intention to be deduced from the agreement of annulment, construed in the light of the attending circumstances.” (McCreery v. Day, 119 N. Y. 1, 5, supra.) Here the important attending circumstance was that the basic agreement was one of joint venture. “ Joint ventures are subject to, and governed by, the same rules as partnerships.” (Glenmarh, Inc. v. Carity, 30 Misc 2d 1065, 1069, citing King v. Barnes, 109 N. Y. 267; Underhill v. Schenck, 238 N. Y. 7; Friedman v. Gettner, 6 A D 2d 647 [1st Dept.].)
Section 62 (subd. 1, par. [c]) of the Partnership Law provides for dissolution of a partnership ‘ ‘ By the express will of all the partners * * * either before or after the termination of any specified term or particular undertaking.” Section 60 defines dissolution as “ the change in relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.” And section 69 (subd. 1) provides: “ When dissolution is caused in any way, except in contravention of the partnership agreement, each partner * * * unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners.” (Italics supplied.)
Here then, the “ termination agreement” must logically be construed as one intending to dissolve the joint venture “ by the express will of all partners ” prior to the expiration of the agreed term, and as it was not “ otherwise agreed ” the members are entitled to distribution of the profits of the venture.