■ ALVIN PHILIPS et al., Respondents, v REPUBLIC INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to recover the proceeds of a fire insurance policy, defendant appeals from an order of the Supreme Court, Westchester County, entered May 5, 1978, which denied its motion to strike plaintiffs' fourth cause of action. Order affirmed, with $50 costs and disbursements. Plaintiffs alleged four causes of action in their suit against the defendant insurer to recover on a fire insurance policy as a result of a fire which damaged their home. The defendant insurer moved to dismiss the fourth cause of action on the ground that plaintiffs were seeking punitive damages therein and that such damages could not be awarded for breach of a private contract. Special Term denied defendant's motion and in our view was correct in so holding. An examination of the complaint indicates that plaintiffs' request for punitive damages was not part of their fourth cause of action but was contained solely in their prayer for relief. It has long been held that the prayer for relief is not part of a cause of action and even if the relief is inappropriate it has no effect on the cause of action *(Wainwright & Page v Burr & McAuley,* 272 NY 130). Since the fourth cause of action, as pleaded, states a valid cause of action, Special Term correctly denied the defendant's motion to dismiss. "The prayer for relief does not determine the sufficiency of the complaint and a prayer for the wrong relief does not require a dismissal for insufficiency so long as plaintiff demonstrates the right to some relief under the facts pleaded" *(Lehmann v Kingston Plaza,* 44 Misc 2d 63, 65). However, the plaintiffs' request for punitive damages was totally inappropriate in this action under a private contract (see *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354) and should be disregarded by the trial court upon any trial of this action (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3017.02). Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.